IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CONCEPCION TORRES SANTIAGO,

    Plaintiff,

    v.                                           CIVIL NO. 97-1183 (RLA)

VICTOR FAJARDO,

    Defendant.

### ORDER DISMISSING COMPLAINT

Plaintiff, a school teacher, instituted this action against VICTOR FAJARDO, Secretary of the Puerto Rico Department of Education, seeking damages for alleged due process and First Amendment violations. Defendant has moved for summary disposition of the claims which plaintiff has opposed. The Court having reviewed the documents on file as well as the applicable law finds that dismissal of the complaint is warranted.

### I.  THE FACTS

The following facts are uncontroverted.

Plaintiff, CONCEPCION TORRES SANTIAGO, is a tenured elementary school teacher employed by the DEPARTMENT OF EDUCATION for approximately 27 years.

On October 13, 1994, a complaint was filed by MARISOL SANTIAGO DE VALLADARES, mother of one of plaintiff's students, with the School Superintendent for the region.

According to the allegations set forth by MRS. VALLADARES, plaintiff had physically and emotionally abused complainant's daughter as well as other students.

An initial investigation confirmed the allegations of physical abuse.

On February 13, 1996, plaintiff was summarily suspended from work with pay by VICTOR FAJARDO.

After her suspension plaintiff received wide support from several sources, including most of her faculty colleagues.

On April 9, 1996 defendant reinstated plaintiff to her previous position.

## II. SUMMARY JUDGMENT STANDARD

The purpose of the summary judgment mechanism is to avoid unnecessary trials by ascertaining whether material facts are in dispute. In order to prevail at this stage of the proceedings defendant herein, as movant, must establish the absence of relevant facts in controversy and his entitlement to a judgment based on the applicable law. Feliciano v. State of R.I., 160 F.3d 780 (1st Cir. 1998), Soto-Ocasio v. Fed. Express Corp., 150 F.3d 14 (1st Cir. 1998). See also Michelson v. Digital Fin. Services, 167 F.3d 715, 720 (1st Cir. 1999) (defendant may meet his burden "by pointing to the

absence of adequate evidence supporting [plaintiff's] case.") Plaintiff, on the other hand, cannot limit her role to pointing to facts in controversy but must also present adequate evidence substantiating each fundamental component of her claim. Hodgens v. Gen. Dynamics, Inc., 144 F.3d 151, 158 (1st Cir. 1998); Fennell v. First Step Designs, Ltd., 83 F.3d 526, 535 (1st Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)).

Summary judgment may be appropriate even in cases involving discriminatory *animus* when the evidence of motive adduced by the party opposing the motion hinges on unsupported conjectures. Angulo-Alvarez v. Aponte de la Torre, 170 F.3d 246, 249 (1st Cir. 1999) Hodgens, 144 F.3d at 167; Fennell, 83 F.3d at 535; Woods v. Friction Materials, Inc., 30 F.3d 255, 259 (1st Cir. 1994); Medina Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5,8 (1st Cir. 1990).

### III. DUE PROCESS

The allegations in the complaint regarding due process are limited to broad, generalized statements without any particular reference to a property interest. The initial pleading merely alleges plaintiff "was deprived of liberty interest in her job" and that her reputation was damaged as a result of defendant's actions. Complaint ¶ 17.

Only the existence of a constitutionally protected property right or liberty interest will trigger the applicability of the due

CIVIL NO. 97-1183 (RLA)                                                           Page 4

process clause.  Accordingly, we will address these two issues separately to determine whether or not plaintiff may demand due process coverage under the facts of this case.

### A. Suspension with Pay

In order to adequately claim a due process violation plaintiff must identify the particular property interest which was adversely affected by defendant's conduct.  Rodriguez-Pinto v. Tirado-Delgado, 982 F.2d 34, 40 (1st Cir. 1993).  "[A]n employee who has not been terminated has not lost a property interest, and therefore ... cannot claim a violation of his procedural due process rights." Cabrero v. Ruiz, 826 F.Supp. 591, 597 (D.P.R. 1993) aff'd sub nom. Muniz-Cabrero v. Ruiz, 23 F.3d 607 (1st Cir. 1994).

It is undisputed that plaintiff in this case was not terminated from employment; she was merely suspended with pay.  The suspension was short-lived.  It lasted less than two months.  Plaintiff continued to receive her salary uninterruptedly until reinstatement to her former position.  Further, there is no allegation that plaintiff was deprived of any tangible property or benefits or that her status as a teacher was somehow affected.

Although tenured teachers have a property right in continued employment and may not to be terminated without being afforded due process, Conward v. The Cambridge Sch. Comm., 171 F.3d 12 (1st Cir. 1999) based on the foregoing we find that a brief suspension

with pay[1] is not tantamount to a deprivation subject to due process guarantees.

### B. Liberty Interest

Plaintiff's claim for deprivation of liberty without due process is equally flawed. The complaint at ¶ 10 reads:

> Plaintiff's liberty interest was affected because the suspension imposed a stigma that seriously damaged her good name, reputation, honor or integrity as a school teacher and has damaged [plaintiff's] ability to take advantage of other employment opportunities in the future.

Therefore, defamation alone is not actionable. "Rather, the reputational injury must be accompanied by a change in the injured person's status or rights under substantive state or federal law." Silva v. Worden, 130 F.3d 26, 32 (1st Cir. 1997); Romero-Barcelo v. Hernandez-Agosto, 75 F.3d 23, 32 (1st Cir. 1996).

There is no evidence in the record pointing to impingement of any tangible interest as a result of plaintiff's suspension. In her deposition plaintiff indicated that she received strong support when the news of her suspension were published. Plaintiff also admitted that she had no problems at school since her reinstatement. Further,

---

[1] Suspension **with pay** was intimated by the Supreme Court as an alternative route to avoid procedural demands. See Cleveland Bd. of Ed. v. Lourdermill, 470 U.S. 532, 544-45, 105 S.Ct. 1487, 1495 (1985). *Quaere* whether summary suspensions without pay are entitled to due process protection. Gilbert v. Homar, 520 U.S. 924, 928, 117 S.Ct. 1807, 1811 (1997).

her relations with the students, fellow teachers and staff has continued to be good and she has no desire to be transferred.

Accordingly, any possible repercussions deriving from plaintiff's suspension are not severe enough to warrant the application of the due process prerequisites.

## IV. FIRST AMENDMENT

Plaintiff also claims infringement of her First Amendment rights in that her suspension was purportedly motivated by her political affiliation. Inasmuch as First Amendment claims are independent from a due process cause of action we shall proceed to examine this claim separately. See Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 56 (1st Cir. 1990) (lack of property interest does not automatically defeat political discrimination claim).

The only allegation regarding defendant FAJARDO in support of political discrimination pertains to a meeting held in his office to confirm plaintiff's reinstatement. According to plaintiff, during the meeting defendant gave her a pin with a star and a sticker - both emblematic of the Department of Education - which she perceived as a political insignia in support of the statehood movement which is not of her persuasion. Plaintiff concedes that no allusions to political preferences were made during the meeting and that this was the first and only time she ever met defendant. All plaintiff has presented to prove political discrimination is her "perception" of the events

CIVIL NO. 97-1183 (RLA)                                              Page 7

during the meeting without any independent concrete factual basis.[2] The other evidence cited by plaintiff in support of her discrimination claim are references to the alleged political clout of the mother who subscribed the letter charging her with child abuse. There is, however, no evidence connecting the defendant with this person.

In a political discrimination action, plaintiff bears the initial burden of producing sufficient evidence from which the trier of fact may reasonably infer that political affiliation was a substantial or motivating factor behind the adverse personnel action. Angulo-Alvarez, 170 F.3d at 249; Rodriguez-Rios v. Cordero, 138 F.3d 22, 24 (1st Cir. 1998); Jirau-Bernal v. Agrait, 37 F.3d 1, 3 (1st Cir. 1994); Larou v. Ridlon, 98 F.3d 659, 661 (1st Cir. 1996); Ortiz-Piñero v. Rivera-Arroyo, 84 F.3d 7, 12 (1st Cir. 1996); Rivera-Cotto v. Rivera, 38 F.3d 611, 614 (1st Cir. 1994).

The burden then shifts to the defendant to articulate legitimate nondiscriminatory reason(s) for the challenged acts and to prove by a preponderance of the evidence that the adverse action would have been taken without regard to political affiliation. Angulo-Alvarez, 170 F.3d at 249; Rodriguez-Rios, 138 F.3d at 24; Larou, 98 F.3d at 661; Ortiz, 84 F.3d at 12.

---

[2] Plaintiff also mentions a subsequent investigation in support of her claim. However, this event by itself is not probative of political discrimination absent any other relevant evidence of motive.

To avoid summary judgment, the evidence presented by plaintiff must establish that political affiliation was a substantial or motivating factor behind the challenged action. Rivera-Cotto, 38 F.3d at 614. Unsubstantiated allegations without evidence of discrimination will not preclude summary judgment. Rivera-Cotto, 38 F.3d at 614 (unsupported and speculative assertions of political discrimination insufficient to defeat summary judgment). On the other hand, summary judgment will be granted if defendant's evidence compels a finding that political affiliation did not motivate the adverse action taken.

The record is devoid of any evidence establishing political *animus* in this case. Only plaintiff's groundless conjectures appear in the record in opposition to the summary judgment request. On the other hand, defendant has submitted ample support for the suspension. The preliminary investigation had first hand accounts of children complaining of physical abuse as well as references to testimony of the previous school director confirming these events. In view of this information it is reasonable to conclude that the public interest in safeguarding the welfare of young students in the classroom amply justified defendant's action without regard to her political affiliation.

CIVIL NO. 97-1183 (RLA)                                           Page 9

## CONCLUSION

Based on the foregoing, defendant's Motion for Summary Judgment (docket No. **34**) is **GRANTED**[3] and the complaint filed in this case is hereby **DISMISSED**.[4]

Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 17 day of September, 1999.

                        RAYMOND L. ACOSTA
                        United States District Judge

---

[3] See Memorandum of Law in Opposition... (docket No. **35**) and Reply... (docket No. **36**) filed by defendant.

[4] Because we find dismissal is warranted there is no need to address defendant's request for qualified immunity protection.

AO 72
(Rev 8/82)